D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
UNITED STATES OF AMERICA,

-against-

FRANK WILSON,

Defendant.
----------------------------------------------X

FEUERSTEIN, J.

**ORDER**
07-cr-0516-1 (SJF)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ MAY 21 2012 ★

LONG ISLAND OFFICE

Before the Court is defendant Frank Wilson's ("Wilson") motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c), in light of recent amendments to the United States Sentencing Guidelines. [Docket Entry No. 472]. For the reasons that follow, Wilson's motion for a sentence reduction is denied.

I.  Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Id.

In evaluating a request for a sentence reduction pursuant to Section 3582(c), the Court

1

must perform a "two-step inquiry." Id. at 2691. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). "[W]hether to deny an otherwise eligible defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) is *discretionary*." United States v. Logan, --- F.Supp.2d ----, 2012 WL 616257, at *20 (E.D.N.Y. Feb. 23, 2012) (emphasis in original) (citing cases).

On July 26, 2010, Wilson was sentenced by the Court to a term of eighty-four (84) months' imprisonment and five (5) years of supervised release. [Docket Entry No. 437]. Under the recent Guideline amendments, he is eligible for a sentence reduction. However, upon reviewing the Section 3553(a) factors, the Presentence Investigation Report, the materials associated with Wilson's sentencing, and the parties' submissions, and the Court finds that a sentence reduction is not appropriate in this case. The eighty-four (84) month sentence reflects the seriousness of the offense, serves the goal of deterrence, and promotes respect for the law.

II.   Conclusion

For the foregoing reasons, Wilson's motion for a modification of his sentence pursuant to Section 3582(c) is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　s/ Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:   May 21, 2012
　　　　　Central Islip, New York